UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK W.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5748-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by discounting the opinion of April DeLira, M.D. (Dkt. # 14 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1989 and does not have past relevant work. AR at 25. Plaintiff applied for benefits in January 2018, alleging disability as of October 1, 2016. *Id.* at 15. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in July 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 29-69. In September

ORDER - 1

2019, the ALJ issued a decision finding Plaintiff not disabled since January 30, 2018. *Id.* at 15-27. In relevant part, the ALJ found Plaintiff's severe impairments of generalized anxiety disorder, major depressive disorder, bilateral pes planus, obesity, and Arnold Chiari 1 malformation limited him to medium work subject to a series of further limitations. *Id.* at 17, 20. Based on vocational expert testimony, the ALJ found Plaintiff could perform medium and light jobs found in significant numbers in the national economy. *Id.* at 26-27. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence) (emphasis added).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (Jan. 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us."). With these

regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

Plaintiff contends the ALJ erred by "failing to credit" Dr. DeLira's medical opinions. (Dkt. # 14 at 2.) Dr. DeLira conducted a "comprehensive psychiatric evaluation" on Plaintiff in March 2018. *See* AR 463-67. Dr. DeLira opined, among other things, Plaintiff's ability "to perform work duties at a sufficient pace is fair," "to maintain regular attendance in the workplace and complete a normal workday without interruptions is poor," and "to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace is poor[.]" *Id.* at 467. The ALJ found Dr. DeLira's opinion "partially persuasive," on the grounds the doctor's "findings regarding the claimant's ability to maintain regular attendance appears to be more based on the claimant's self-reports, which are not wholly consistent with the medical evidence of record" and "[l]imits with respect to [Plaintiff's] social functioning are accounted for in the residual functional capacity." *Id*. at 24-25. The ALJ also noted Plaintiff showed improvement with treatment, demonstrated the ability to successfully stop his panic attacks, and has been able to engage in activities that he enjoys, such as playing video games, for long periods. *Id.*

Plaintiff first argues the ALJ erred by failing to articulate a rationale for fully crediting Dr. DeLira's opinion regarding Plaintiff's ability to complete a normal workday. (Dkt. # 14 at 3.) Dr. DeLira opined Plaintiff's ability to "complete a normal workday without interruptions is poor[.]" AR at 467. Plaintiff is correct that while the ALJ noted Dr. DeLira found Plaintiff's ability to "complete a normal workday is poor," *id.* at 24, the ALJ failed to provide a valid rationale for rejecting the limitation. The ALJ thus erred and the error is harmful because the RFC determination is silent as to Plaintiff's functioning in this regard. *See* SSR 96-8p, 1996 WL

ORDER - 4

374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Plaintiff also argues the ALJ failed to sufficiently incorporate limitations concerning Plaintiff's ability to work with supervisors. (Dkt. # 14 at 3.) While the RFC limited Plaintiff to "occasional superficial contact with supervisors after the initial training period," AR at 20, it is silent as to the necessity of limitations, if any, concerning Plaintiff's interaction with supervisors during an initial training period. The RFC determination thus fails to account for Dr. DeLira's opinion, which did not draw such a temporal distinction between training and post-training periods. *See id.* at 467 (opining Plaintiff's "ability to interact with coworkers and superiors … is poor[.]"). The ALJ accordingly erred by failing to explain this departure from Dr. DeLira's opined limitation. *See* SSR 96-8p.

In sum, the ALJ erred by failing to provide valid reasons to discount two limitations that were assessed by Dr. DeLira. These errors were harmful because they resulted in an RFC determination that failed to account for all assessed functional limitations. Remand is accordingly necessary to afford the ALJ the opportunity to properly assess Dr. DeLira's opinion in the first instance.

V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 14th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5